Day, C. J.
The plaintiffs, by their petition in error in the court of common pleas, procured the judgment of that court, setting aside all former judgments and orders against "them, and a judgment for their costs. They could ask for nothing more upon that proceeding in error, whatever might be the ground of error relied upon; we need not, therefore, inquire whether the judgment of the common pleas might have been sustained upon other grounds than that on which it was placed by the court.
It is true the court made an order allowing them to pro- ■ ceed and show wherein they had been injured by the erroneous proceedings against them — probably under the idea that the act of March 24, 1864 (S. & S. 321), is applicable to the case. But whether it be so or not, the court made no final order in the case, under the statute or otherwise, •to the prejudice of the plaintiffs. It may never do so. If it does, some of the questions discussed in argument may again come in review; but until such final order is made or judgment rendered against them, they have no ground for a petition in error. It does not lie for the review of mere preliminary or interlocutory orders. As the case now stands, therefore, the petition in error must be dismissed.
Nor can we now determine the question made in argument as to whether the act of 1864 applies to the case; for no final order or judgment, based upon it, has yet been made or rendered in the case. The question can be judicially determined only when it is thus presented. An opinion now expressed would at most be merely a dictum, which could not legitimately affect the case.

Petition dismissed.